UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

    Petitioner,

    v.

STATE OF WASHINGTON,

    Respondent.

Case No. C04-5617KLS

ORDER ON PENDING MOTIONS

This habeas corpus matter is before the court on consent. In March of 2005 petitioner began filing motions in batches. The first set of motions is now ripe for review. In the interest of judicial economy this order will handle several motions. The petitioner has filed the following motions:

1. Motion to correct the Washington Supreme Court number for petition for review. (Dkt. # 21).
2. Letter indicating exhaustion. (Dkt. # 22).
3. Motion to amend respondent. (Dkt. # 23).
4. Motion to amend the petition. (Dkt. # 24).
5. Motion for good cause. (Dkt. # 28).
6. Motion to stay the petition. (Dkt. # 33).
7. Letter regarding exhaustion. (Dkt # 35).
8. Motion to amend respondent. (Dkt. # 36).
9. Notice of hearing on motions. (Dkt. # 38).
10. Motion to amend previous motions. (Dkt. # 39).
11. Motion to prove that an exhibit is not time barred. (Dkt. # 40).

ORDER- 1

In plaintiff's first motion he claims the correct cause number in his state petition for review is 72669-0.  The court has taken note of plaintiff's assertion.  No further court action is needed.

The second motion is in letter form and is an assertion that state remedies have been exhausted.  No further court action is needed.

The third motion is a request to name James Spalding as the respondent.  A person, usually the person having custody over the petitioner, is the proper party as a respondent.  28 U.S.C. § 2243 requires writs be directed "to the person having custody of the person detained."  This person typically is the superintendent of the facility in which the petitioner is incarcerated.  Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction.  <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).   Petitioner asks the court to replace the State of Washington with the superintendent of the Monroe facility.   Petitioner's motion is well taken and the motion is **GRANTED.**

The next motion is a request to add an issue to the petition.  Petitioner wishes to add an issue relating to sufficiency of the evidence to convict for robbery in the first degree.  (Dkt. # 24).  Petitioner contends there was insufficient evidence to show he had a firearm.  (Dkt. # 24).  Respondent has responded to this motion and opposes the motion as futile.  Respondent fully briefs the issue and shows there was sufficient evidence to uphold the state court conviction on this issue.  (Dkt. # 25).  The court has fully considered the issue and finds that amendment would be futile.  The motion is **DENIED.**

The fourth motion is petitioner's motion for good cause.  (Dkt. # 28).  Petitioner asks for a ruling whether he has exhausted his claims in state court.  This is a ruling normally made when the court considers the petition on the merits and petitioner's motion for a separate ruling on this issue is **DENIED.**

The fifth motion before the court is a motion to stay the petition.  Petitioner alleges he wishes to exhaust issues 2 and 4.  The state claims those issues are unexhausted and time barred.  In order for the court to grant a request to stay the petition, the petitioner must show good cause for his failure to exhaust his claims in state court.  <u>Rhines v. Weber</u>, 125 U.S. 1528 (2005).  The Supreme

ORDER- 2

Court's decision in <u>Rhines</u> was published after the petitioner filed his motion and he, therefore, did not have an opportunity to make the required showing. The court will re-note the Motion to Stay the Petition (Dkt. # 33) for June 3rd, 2005 in order to allow the petitioner the opportunity to show good cause for his failure to exhaust his claims in state court.

The sixth motion is a letter to the clerk's office claiming all issues in the petition are exhausted. (Dkt. # 35). Petitioner's position is noted and no further court action is needed.

The seventh motion is a second motion to name Mr. Spaulding as the respondent. (Dkt. # 36). The court granted that motion the first time it was made.

The eighth motion is a notice of hearing. (Dkt. # 38). Petitioner indicates he wishes to set motions he has already sent to the court for March 25th, 2005. This pleading is an untimely attempt to set a noting date. Several of petitioner's motion were noted for that date by the clerk's office and no further court action is needed.

The ninth motion is a motion to amend previous motions. (Dkt. # 39). The motion is identical to docket number 38 except for the heading. No further court action is needed.

The final motion is a motion to prove an exhibit is not time barred. Petitioner argues the procedural history of his state proceedings in this motion. The information in the pleading will be considered when the court considers the petition. The court will not allow piecemeal motion practice to replace the normal procedure for consideration of a petition.

The clerks office is directed to send a copy of this order to petitioner and counsel for respondent, to remove docket numbers 21, 22, 23, 24, 28, 33, 35, 36, 38, 39, and 40 from the court's calendar, and to note James Spaulding is now the respondent in this petition.

DATED this 29th day of April, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER- 3