UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON GAYLORD BRANDON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　Respondent. | Case No. C04-5617KLS<br><br>ORDER DENYING STAY AND DIRECTING THE PETITIONER TO DISMISS UNEXHAUSTED CLAIMS OR DISMISS THE PETITION |

　　　　This habeas corpus matter is before the court on consent. On March 17th, 2005 petitioner filed a motion to stay this petition indicating he still had issues pending in state court. Thus, his petition is a mixed petition. (Dkt. # 33). On March 30th, 2005 the United States Supreme Court issued its decision in Rhines v. Weber, which confirmed that a district court judge has the discretion and authority to stay a mixed petition. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (2005). On April 8th, 2005 petitioner filed a redundant motion to stay. (Dkt. # 41).

　　　　The decision in Rhines, indicates the stay could be granted if the petitioner shows good cause. The decision also states that the Antiterrorism and Effective Death Penalty Act limits the

ORDER- 1

court's discretion and any stay should be structured and limited by the timeliness concerns raised in the act. <u>Rhines</u>, 125 S.Ct. at 1535.

On April 29th, 2005 the court entered an Order to Show Cause. (Dkt. # 43). That order directed the petitioner to show cause why a stay should be entered. Mr. Brandon did not file a formal response to the order to show cause. However, he did file a letter indicating that he apologized for sending motions in batches and was now working with more experienced inmate help. (Dkt. # 45). Petitioner stated he failed to exhaust his issues in state court for two reasons. The first was ignorance of the rules and the second was the damage caused to his mental facilities by drug use. (Dkt. # 45). Neither reason provides an excuse or grounds for a stay. Stays should be used sparingly and only for good cause.

(1) The motion to stay the petition is **DENIED.**

(2) Petitioner may either dismiss all unexhausted claims and proceed on only the exhausted claims or he may dismiss his petition without prejudice and attempt to exhaust his remaining claims. If he chooses the later option petitioner may find his future filings barred by a running of the statue of limitations.

(3) A pleading from petitioner informing the court of his decision is due on or before **August 5th, 2005.** If nothing is filed the court will order this petition be dismissed without prejudice as a mixed petition.

(4) The clerk is directed to send copies of this Order to petitioner and counsel for respondent and to note the **August 5th, 2005** due date.

DATED this 5th day of July, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER- 2