UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

    Petitioner,

    v.

STATE OF WASHINGTON,

    Respondent.

Case No. C04-5617KLS

ORDER DENYING STAY
AND DISMISSING THE PETITION

    On July 5th, 2005 the court entered an order directing plaintiff to dismiss his unexhausted claims or dismiss this petition without prejudice. (Dkt. # 47). In response petitioner has filed a motion asking for leave to amend the petition, asking leave to stay the petition pending appeal, and arguing, without proof, that some of his claims are exhausted because he is now time barred in state court. (Dkt. # 48). This newest filing is one in a long series of motions that have delayed this action.

    The petition was filed in September of 2004. (Dkt. # 1). In December the petition was served. (Dkt. # 8). Petitioner then asked for permission to amend, but did not serve his motion on opposing counsel and the motion was denied for that reason. (Dkt. # 15 and 17).

    In February of 2005 the petition was answered and the answer showed the petition to be a

ORDER- 1

mixed petition that was possibly time barred in state court. (Dkt. # 19 and 20). Petitioner immediately filed a large number of motions including three motions to amend the petition. (Dkt. # 21 to 28). The motions to amend were not identical. The first motion to amend asked only to correct a state cause number. (Dkt. # 21). The second motion sought to change the case caption to name a proper respondent. (Dkt. # 23). The final motion asked the court to vacate petitioner's underlying criminal conviction. (Dkt. # 24).

While the motions were pending petitioner filed a motion to extend the time for filing a traverse. (Dkt. # 27). He also filed a motion asking the court to find the issues in his petition were exhausted because he allegedly could not return to state court. (Dkt. # 28).

Without waiting for a ruling on any of the pending motions petitioner then filed his first motion to stay the petition. (Dkt. # 33). Petitioner also filed a second motion asking to amend the name of the respondent (Dkt. # 36), a motion to amend his previous motions (Dkt. # 39), and finally, petitioner filed a second motion to stay the petition. (Dkt. # 41).

On April 29th, 2005 the court entered a comprehensive order that dealt with the outstanding motions. (Dkt. # 43). In recognition of a new Supreme Court case petitioner was ordered to show cause why his petition should be stayed. (Dkt. # 42, citing Rhines v. Weber, 125 U.S. 1528 (2005)). Petitioner's response was a letter which failed to provide good cause for staying the petition and the motions to stay were denied. (Dkt. # 47). Petitioner was given one month to dismiss his unexhausted claims and proceed or dismiss the petition and attempt to exhaust his claims in state court if he believed them capable of being exhausted. (Dkt. # 47).

Petitioner has not followed the court's order directing him to dismiss his unexhausted claims. Instead he has again asked for leave to amend the petition. (Dkt. # 48). This time he asks to dismiss some claims and asks to stay the petition regarding other claims. (Dkt. # 48).

All pending motions are **DENIED**. A federal court faced with an unexhausted petition dismisses the petition, without prejudice to give the petitioner an opportunity to exhaust the claims in state court. Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner has been given a chance to dismiss his unexhausted claims. Instead of dismissing these claims and complying with the court's

ORDER- 2

order petitioner has again filed a motion to stay the action. This is the third such motion in this case. (Dkt. # 33, 41, and 48).

The court concludes petitioner does not intend to comply with the court's order. The petition cannot go forward with unexhausted issues. Petitioner has not shown the issues he claims to be exhausted are in fact exhausted. There is no ruling from the state Supreme Court finding petitioner is barred from further filings. It is not clear to this court that petitioner is in fact barred from returning to state court. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** as a mixed petition.

DATED this 16th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER- 3